[No. 8689. Department Two. November 25, 1910.]

THE STATE OF WASHINGTON, *on the Relation of Norbert R. Sylvester et al., Plaintiff,* v. THE SUPERIOR COURT FOR BENTON COUNTY, *Defendant.*[1]

CERTIORARI—REVIEW—CESSATION OF CONTROVERSY. A writ of certiorari to review an order suspending a temporary injunction will be quashed where the suspension was to permit the institution of a condemnation suit, which was dismissed pending the hearing; since the suspension has become inoperative, and the relator can apply to the lower court for relief.

EMINENT DOMAIN—RAILROADS—RIGHTS IN STREETS—INJUNCTION TO PROTECT TRESPASS. A court of equity will not protect a railroad company in the use of a public street, pending condemnation proceedings, where the company had no franchise and was a trespasser in the street *ab initio.*

[1]Reported in 111 Pac. 787.

Certiorari to review an order of the superior court for Benton county, Holcomb, J., entered March 12, 1910, suspending a temporary injunction. Quashed.

*Moulton & Henderson* and *Cain & Hurspool*, for plaintiff.

*Danson & Williams, Linn & Boyle,* and *T. M. Vance,* for defendant.

RUDKIN, C. J.—The plaintiffs in the court below were the owners of certain lots in the town of Kennewick, abutting on Front street, one of the public thoroughfares of the town. On the 26th day of February, 1910, the North Coast Railroad Company entered upon the street in question in the nighttime, and was proceeding to tear up the street and construct its railroad therein in front of the plaintiffs' property without any franchise from the town, and without any condemnation or appropriation of the plaintiffs' property rights in the street. A temporary restraining order was granted without notice, at the suit of the plaintiffs, to restrain the company from occupying or using the street, until notice could be given and a hearing had on the plaintiffs' application for a temporary injunction. Thereafter the operation of the temporary restraining order was suspended or held in abeyance by the following order:

"It appearing to the court that an action has been commenced in this court by the above named defendant for the purpose of condemning and ascertaining the damages, if any, that said plaintiff will sustain to lots 1, 2 and 3, in block 2, of the First Addition to the Town of Kennewick, by reason of the proposed construction, maintenance and operation by defendant of a railroad along and over the north thirty feet of Front street, in the Town of Kennewick, it is by the court ordered and decreed, that the temporary restraining order heretofore issued, be and is hereby held in abeyance in order to enable said defendant to diligently prosecute said condemnation proceeding."

The plaintiffs thereupon applied to this court for a writ of review, to review the last mentioned order, and the record

is now before us.   Since the record was brought here, and since the argument before this court, the condemnation suit instituted by the railroad company, and referred to in the foregoing order, was dismissed by order of this court, on the ground that the railroad company had no franchise in the street, and could not therefore condemn or appropriate the rights of the abutting property owners in the street.   *State ex rel. Sylvester v. Superior Court, ante* p. 279, 111 Pac. 19.

Since the dismissal of the condemnation suit, the order suspending the operation of the temporary restraining order has become inoperative, and the relators may obtain such relief as they are entitled to by motion in the court below.   For this reason the writ of review must be quashed.

In view of further proceedings in the action, we desire to say, however, that the court below misconstrued the decisions of this court upon which the order suspending the operation of the temporary restraining order was apparently based. In *Slaght v. Northern Pac. R. Co.*, 39 Wash. 576, 81 Pac. 1062, and the numerous cases therein cited, this court held, in effect, that where a property owner stands by and permits a railroad company to construct its railroad upon his land, without objection or protest, he cannot thereafter recover the right of way in an action of ejectment, or restrain the operation of the road by injunction, without first giving the company an opportunity to acquire the right of way by condemnation.   But the railroad company in this case does not bring itself within the reason or the equity of these decisions. Here there has been no acquiescence on the part of the land owners, and no consent to the construction of the road, express or implied.   The company was a trespasser *ab initio*, and acquired no rights by its trespass which a court of equity can respect or protect.   To permit a railroad company to acquire even a temporary right to occupy the property of another by such means is a palpable invasion of the constitutional and property rights of the citizen.   The record will

be remitted to the court below for further proceedings not inconsistent with this opinion, without costs to either party.

PARKER, MOUNT, CROW, and DUNBAR, JJ., concur.